UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER, | No. 2:25-cv-3019 DC CSK P |
| Plaintiff, | |
| v. | ORDER |
| CDCR GREEN WALL, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. As discussed below, plaintiff's request to proceed in forma pauperis is deferred, plaintiff's request to file a complaint by mail is denied, and plaintiff is granted leave to file a civil rights complaint on the court's form.

I.     REQUEST TO PROCEED IN FORMA PAUPERIS

First, on October 27, 2025, plaintiff was ordered to file an application to proceed in forma pauperis or pay the court's filing fee. On November 5, 2025, plaintiff filed an application to proceed in forma pauperis. On November 7, 2025, the CDCR filed plaintiff's certified trust account statement. (ECF No. 7.) In plaintiff's prior case, Driver v. U.S. Special Master, No. 1:17-cv-0202 DAD BAM P (E.D. Cal. May 2, 2017),[1] plaintiff was found to have sustained three

---

[1] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

1

strikes under 28 U.S.C. § 1915(g). Therefore, the Court is unable to address plaintiff's request to proceed in forma pauperis until plaintiff has filed a civil rights complaint and the Court screens plaintiff's allegations. Ruling on plaintiff's application to proceed in forma pauperis is deferred.

## II.     REQUEST TO FILE

Second, plaintiff's initial filing is a document styled, "Request to File By Mail New 42 U.S.C. [§] 1983 Civil Rights Complaint. . . ." (ECF No. 1.) Although plaintiff's filing is captioned like a complaint, the title seeks leave to file a new complaint by mail rather than through electronic filing. (ECF No. 1 at 1.) Plaintiff does not explain why he cannot file his complaint through the electronic filing process at the prison. Therefore, the Court cannot properly evaluate plaintiff's request, and it is denied without prejudice.

The Court finds that plaintiff has not demonstrated a need to file his complaint by mail. Plaintiff's request is denied, and plaintiff is granted thirty days from the date of this order to file a complaint by using the prison's electronic filing process. Plaintiff is also required to file the complaint on the court's civil rights complaint form, and the complaint may not exceed 15 pages.

## III.    THE COURT CANNOT CONSTRUE THE INITIAL FILING AS A COMPLAINT

Third, plaintiff's initial filing is insufficient for the Court to construe as a complaint, because plaintiff does not make clear what allegations he intends to pursue in this action and against which defendant, versus what allegations he included to demonstrate he is entitled to an exception from the § 1915(g) bar. Also, it appears that plaintiff is pursuing claims against defendants Castillo and Officer Alvarado in another civil rights action, Driver v. Castillo, 2:25-cv-0950 DC CSK P (E.D. Cal.). Plaintiff has multiple cases pending in this court, and as a pro se litigant, it is plaintiff's responsibility to keep track of his cases and take care not to include claims in new cases that he is pursuing in older cases. Plaintiff is advised that he cannot pursue the same claims against the same defendants in two different cases pending at the same time.

In addition, in his case caption, plaintiff names improper defendants. For example, plaintiff names "CDCR Green Wall, Mexican Mafia, and Italian Mafia," as defendants. (ECF No. 1 at 1.) These are not proper defendants. Plaintiff also names Warden Jackson as a defendant. It is unclear whether plaintiff can state a claim against the warden.

To state a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).[2]

Therefore, if plaintiff intends to name Warden Jackson as a defendant in the complaint, plaintiff must allege facts demonstrating Warden Jackson's personal involvement.

IV. GUIDANCE REGARDING THE COMPLAINT

If plaintiff chooses to file a complaint, he is advised of the following.

The complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which each defendant engaged in that support plaintiff's claim. Id.

---

[2] A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended, in part, "to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s]." Id.

Plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See e.g., West, 487 U.S. at 48.  Also, the complaint must allege in specific terms how each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

V.  THREE STRIKES BAR UNDER 28 U.S.C. § 1915(d)

Finally, because plaintiff has sustained three strikes under 28 U.S.C. § 1915(d), plaintiff must demonstrate he is entitled to an exception in order to proceed with this action.  Although this court's records reflect that plaintiff is familiar with the § 1915(g) bar based on his prior complaints filed in the Eastern District of California, as well as numerous subsequent court orders, plaintiff is advised of the following.

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit demonstrating that the person is unable to pay such fees.  However, 28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id.  "It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action and the reasons underlying it."  Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (brackets added) (citation omitted).  "[Section] 1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim."  Andrews v.

4

King, 398 F.3d 1113, 1121 (9th Cir. 2006) (brackets added). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008). Dismissal also counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice. Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017). Section 1915(g) requires that this Court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

An inmate who accrues three strikes is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."). "[T]he imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint." Ray v. Lara, 31 F.4th 692, 695 (9th Cir. 2022).

Plaintiff is advised that in order to avoid confusion, plaintiff should address the three strikes bar in a separate filing, rather than including § 1915(g) allegations and facts supporting his claim to an exception to the three strikes bar within the complaint. In other words, plaintiff should not include three strikes bar facts in his complaint, but include them in a separate document.

VI.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The Court defers ruling on plaintiff's application to proceed in forma pauperis.
2. Plaintiff's request to be exempt from the requirement to file his complaint through the electronic process at the prison (ECF No. 1) is denied, without prejudice.
3. Plaintiff is granted thirty days from the date of this order to file a civil rights complaint using the court's civil rights form, and the complaint shall not exceed 15 pages.
4. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated: December 12, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/driv3019.ord