UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BILLY DRIVER,

Plaintiff,

v.

WARDEN JACKSON, et al.,

Defendants.

No.  2:25-cv-3019 DC CSK P

FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

For the reasons stated below, the Court recommends that plaintiff's motion to proceed in forma pauperis be denied pursuant to 28 U.S.C. § 1915(g).  It is also recommended that plaintiff be ordered to pay the filing fee in full prior to proceeding any further with this action

I.      THREE STRIKES RULE

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit demonstrating that the person is unable to pay such fees.  However, 28 U.S.C. § 1915(g) states:

////

1

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id. "It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action and the reasons underlying it." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (brackets added) (citation omitted). "[Section] 1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2006) (brackets added). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008). Dismissal also counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice. Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017). Section 1915(g) requires that this Court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

An inmate who accrues three strikes is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to

2

§ 1915(g).").  "[T]he imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint." Ray v. Lara, 31 F.4th 692, 695 (9th Cir. 2022).

II.    PLAINTIFF'S PRIOR STRIKES

Court records reveal that on May 2, 2017, in the Eastern District of California, plaintiff was declared a three-strikes litigant in Driver v. U.S. Special Master, No. 1:17-cv-0202 DAD BAM (E.D. Cal. May 2, 2017).  In that case, the court determined that the following actions previously filed by plaintiff constituted strikes:  (1) Driver v. Martel, No. 2:08-cv-1910 GEB EFB (E.D. Cal.) (dismissed September 16, 2009, for failure to state a claim); (2) Driver v. Kelso, No. 2:11-cv-2397 EFB (E.D. Cal.) (dismissed September 12, 2012, for failure to state a claim); and (3) Driver v. Epp, No. 2:12-cv-00589-EFB (E.D. Cal.) (dismissed September 5, 2012, for failure to state a claim).  See Driver v. U.S. Special Master, No. 1:17-cv-0202 DAD BAM at 2 (ECF No. 7 at 2.)

The Court takes judicial notice of the lawsuits set forth above as well as the findings of the court in Driver v. U.S. Special Master, No. 1:17-cv-0202 DAD BAM.[1]  Each prior case was dismissed well before the instant action was filed on October 20, 2025, and none of the strikes have been overturned.  Thus, the Court finds that plaintiff is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

III.    IMMINENT DANGER

Plaintiff claims that on September 17, 2025, defendants Warden Jackson, also Chairman of plaintiff's Institutional Classification Committee ("ICC"), Correctional Counselor Castillo, also ICC recorder, Captain Camarillo, ICC and Facility B Supervisor, and Lt. Anderson held a classification hearing for the fourth consecutive time and elected to transfer plaintiff to the CSP Sacramento B Facility EOP program where plaintiff was previously assaulted 90 days before on

---

[1]  A court may take judicial notice of court records.  See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

3

June 10, 2025.  (ECF No. 10 at 3.)  Plaintiff informed defendants that plaintiff has "staff statewide CDCR white male/Hispanic male officer safety concerns, and that as of 2022, plaintiff has been attacked five different times, defendant Jackson responded that he did not care, and that if plaintiff was assaulted again he would deal with that attack at that time.  (Id.)  The ICC committee elected to release plaintiff to B-7, which is upstairs, despite plaintiff having a lower floor/lower bunk medical chrono as of June 10, 2025.  (Id.)  Plaintiff claims defendants disregarded an obvious risk to plaintiff's health and safety by returning him to the same facility where he was attacked 90 days before.  Plaintiff claims defendants were deliberately indifferent to plaintiff's serious health and safety in violation of the Eighth Amendment and alleges retaliation.  (Id. at 3.)

The allegations in plaintiff's complaint suggest he seeks the imminent danger exception to the three-strikes rule on the basis of the facts supporting his claim for relief.  Therefore, the nexus requirement is satisfied.  See Ray, 31 F.4th at 695.

However, plaintiff's allegations fail to demonstrate he faced an imminent danger of serious physical injury at the time he filed the instant action on October 20, 2025.  Plaintiff provides medical reports documenting treatment for injuries sustained from 2022 to 2025 at CSP-Sacramento, but also Salinas Valley State Prison.  (ECF No. 1 at 14, 16-21.)  Plaintiff references an attack at CSP-Sacramento 90 days prior to the September 2025 ICC, but plaintiff fails to allege facts connecting that attack to an imminent attack he would face if released back to Facility B.  (Id. at 3.)  Plaintiff speculates he would face another attack.  But he identifies no specific threats, for example a particular inmate or other threat that remained since he was removed.  "Such allegations are conclusory and speculative and therefore do not support an exception to the three strikes rule.  See Andrews, 493 F.3d at 1057 n.11.

IV.    CONCLUSION

The Court finds that plaintiff failed to meet his burden under 28 U.S.C. § 1915(g).  Therefore, it is recommended that plaintiff's application to proceed in forma pauperis be denied, and plaintiff must submit the appropriate filing fee in order to proceed with this action.

///

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 6) be denied; and

2. Plaintiff be ordered to pay the filing fee in full prior to proceeding any further with this action in light of his status as a three-strikes litigant within the meaning of 28 U.S.C. § 1915(g).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned  "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 23, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/driv3019.3str

5